MAX FELDMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 31263.   Promulgated February 18, 1930.

*William Cogger, Esq.,* for the petitioner.
*J. E. Marshall, Esq.,* and *C. A. Ray, Esq.,* for the respondent.

OPINION.

LANSDON: The petitioner claims that under the provisions of section 202 (c) (1) of the Revenue Act of 1921, no taxable gain can be

attributed to his exchange of encumbered real estate for other similar property with a mortgage back to himself upon the property sold and cites in support thereof decision of the Board in *Richard T. Greene et al., Trustees*, 15 B. T. A. 401; *Margaret M. Edson*, 11 B. T. A. 621; and *Girard Trust Co. et al., Executors*, 16 B. T. A. 308. The law applicable to these transactions is section 203 (b) (1) and (d) (1) of the Act of 1924, supplanting the section relied upon by the petitioner, which provides as follows:

(b) (1) No gain or loss shall be recognized if property held for productive use in trade or business or for investment (not including stock in trade or other property held primarily for sale, nor stocks, bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest) is exchanged solely for property of a like kind to be held either for productive use in trade or business or for investment, or if common stock in a corporation is exchanged solely for common stock in the same corporation, or if preferred stock in a corporation is exchanged solely for preferred stock in the same corporation.

(d) (1) If an exchange would be within the provisions of paragraph (1), (2), or (4) of subdivision (b) if it were not for the fact that the property received in exchange consists not only of property permitted by such paragraph to be received without the recognition of gain, but also of other property or money, then the gain, if any, to the recipient shall be recognized, but in an amount not in excess of the sum of such money and the fair market value of such other property.

It will be seen that section 203 (b) (1) specifically excepts from its provisions " bonds, notes, choses in action, certificates of trust or beneficial interest, or other securities or evidences of indebtedness or interest." We are of the opinion that the phrase " like kind " must be construed to exclude such property. In exchange for his Johnson City property the petitioner received other real estate plus a mortgage, the face value of which was $13,100, but which the respondent determined had a readily realizable value when received of 70 per cent thereof. No evidence appears in the record from which we can determine that this mortgage did not possess a readily realizable market value when received, or that such value, if any, was less than that assigned to it by the respondent. It is, therefore, obvious that the petitioner has failed to sustain this allegation of error and that the determination of the respondent in reference thereto must be approved.

The petitioner has proved that the deposits to his bank account in the taxable year included borrowed money in the amount of $5,590. Since borrowed funds do not constitute income, this amount should be deducted from the gross income of the petitioner for the taxable year, as determined by the respondent.

*Decision will be entered for the petitioner under Rule 50.*